Edward B. Ewing, Pro Se
14251 Anabelle Drive
Poway, California 92064
Tel: 858-842-4622

FILED
2008 JUL 22 AM 11: 33
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____DEPUTY

08 CV 1311 H POR

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

EDWARD B. EWING

    PLAINTIFF,

Vs.                                                    Case No.

FIRST AMERICAN LOANSTAR TRUSTEE
SERVICES
    DEFENDANT.

_____

**VERIFIED COMPLAINT**

Edward B. Ewing, pro-se, sues First American Loanstar Trustee Services (Loanstar or Defendant), and as grounds therefore states:

PRELIMINARY STATEMENT

1.

This Complaint is filed under the Truth in Lending Act, 15 USC Sec. 1601 (TILA); Regulation Z, 12 C.F.R. Part 226 (Reg Z); the Real Estate Procedures Act, 12 USC Sec. 2605(b) (RESPA); and the Deceptive and Unfair Trade Practices Act, 15 U.S.C. Sec. 45 (DUTPA) to seek redress for the unfair and deceptive trade practices and statutory violations of Defendant, its principals their agents, representatives, successors and assigns; to void the Defendant's

1

beneficiary(s) security interest in Ewing's property, and to recover statutory damages, reasonable fees and costs by reason of violations of TILA, Reg Z, RESPA, and DUTPA.

Ewing further seeks an *ex parte* temporary restraining order and a preliminary and permanent injunction enjoining Defendant, its principals, agents, representatives, predecessors, successors and assigns from conducting a foreclosure sale, now or in the future, of property known as 4082 Vermont Street, San Diego, California 92103, which sale is now scheduled to occur on Wednesday, July 23, 2008 at 10:30 a.m.

## JURISDICTION

2.

Jurisdiction is conferred on this Court by 15 U.S.C. Sec. 1640(3) and 28 U.S.C. 1331, 1337.

## PARTIES

3.

Plaintiff Ewing is a natural person. The property at issue is known as 4082 Vermont Street, San Diego, CA 92103 (Property).

4.

Loanstar is a corporation that, directly or indirectly, represents purported beneficiaries as Trustee in foreclosure sales in California.

5.

At all times material hereto Defendant's beneficiaries predecessors, in the ordinary course of business, directly or indirectly, regularly extended or offered to extend, consumer credit for which a finance charge is or may be imposed or which, by written agreement is payable in more than four installments.

## FACTUAL ALLEGATIONS

6.

On or about July 10, 2006, Ewing entered into a consumer credit transaction (the Transaction) with Defendant's beneficiaries, predecessors, agents or assigns in which credit that

was subject to a finance charge and which was initially payable to BNC Mortgage Inc., a Delaware Corporation, which does business in California, with offices at 1901 Main Street, Irvine, CA.

7.

As part of this consumer credit transaction, the initial lender, BNC Mortgage, retained a security interest in the Property.

8.

Ewing's initial application for the consumer credit was made through Stonehill Capital, Inc. Ewing did not verify the accuracy of the information on the consumer credit application as all communication took place by phone and he was not provided with a copy of the application for verification. The original application was denied, and in what was potentially a bait and switch process, Ewing was offered an adjustable rate mortgage (ARM) at a high initial interest rate, and with a three-year prepayment penalty.

9.

As Ewing later discovered, the loan application showed that he had a monthly salary of $35,000.00, when his actual monthly earnings from employment were no more than $10,000. Stonehill Capital, after denial of Ewing's original application for a fixed-rate loan, obtained approval of a high-rate ARM. At the time of approval, the lender, BNC Mortgage, and the Broker, Stonehill Capital, Ewing alleges, were engaged in deceptive and unfair practices which, for their own financial benefit, placed Ewing in a completely untenable position.

10.

BNC Mortgage knew that its practice was to sell its mortgages into the secondary market, so that it would have no potential for loss on the loan in case of default. Stonehill was paid its fees at settlement and, also, would have no further obligation with the loan. Both entities knew that it was unlikely that Ewing would be able to make future payments on the mortgage, a deceptive and unfair trade practice in violation of TILA and other federal statutes.

11.

The consumer credit transaction was subject to Ewing's right of rescission as described by 15 U.S.C. Sec. 1635 and Reg Z, 12 C.F.R. part 226.23. In the course of the consumer transaction Defendant's beneficiaries, predecessors, namely Stonehill and BNC Mortgage,

violated these statutes by failing to deliver to Ewing two copies each of a notice of the right to rescind that:

    a. Identified the transaction.
    b. Clearly and conspicuously disclosed the security interest in the Property.
    c. Clearly and conspicuously disclosed West's right to rescind the transaction.
    d. Clearly and conspicuously disclosed how to exercise the right to rescind the transaction.
    e. Clearly and conspicuously disclosed the effects of the transaction.
    f. Clearly and conspicuously disclosed the date the rescission period expired.

12.

In fact, Ewing was not given a copy of the signed final settlement papers at the closing, as required by law.

13.

By reason of the material violations of 15 U.S.C. 1638, Ewing has a right of rescission for three years from the date of consummation of the loan.

14.

On or about October 12, 2007, Ewing ceased making payments on the loan. Subsequently, he received a communication from the then loan servicer that the property would be subject to sale by the Defendant, as Trustee, on June 23, 2008 at 10:30 am. The sale was postponed, and Ewing has through his own independent efforts just learned that the sale as been rescheduled for July 23, 2008, even though he has received no notice to that effect.

15.

As a result of the aforesaid violations of TILA, Reg Z, RESPA and by committing unfair and deceptive trade practices directly or indirectly, through its predecessors, assignors, agents or assigns, Defendant or its beneficiaries, their predecessors, agents, assignors or assigns are liable to Ewing for:

    a. Rescission of this transaction
    b. Termination of any security interest in Ewing's property created under the transaction.
    c. Return of any money or property given by Ewing to anyone including Defendant, in connection with this transaction.

    d. Statutory damages for disclosure violations
    e. Forfeiture or return of loan proceeds.
    f. Actual damages in an amount to be determined at trial.

16.

On information and belief, Defendant will be unable to produce evidence showing that it's named beneficiary(s) on the mortgage actually hold(s) the note and mortgage and is/are the lawful beneficiary of the proceeds of a foreclosure. In such case, Defendant has no right to foreclose on the Property.

17.

Ewing here requests an Ex Parte Temporary Restraining Order and Preliminary Injunction to allow time for him to pursue his claims completely, and to protect the property from foreclosure sale until such time as this complaint has been resolved.

PRAYER FOR RELIEF

WHEREFORE, it is respectfully prayed that this Court:

1. Assume jurisdiction of this case.
2. Declare the security interest in Plaintiff's Property void.
3. Rescind the subject loan transaction.
4. Order Defendant to take all action necessary to terminate any security interest in Plaintiff's Property created under the transaction and that the Court declare all such security interests void, including but not limited to the mortgage related to the subject transaction.
5. Order the return to the Plaintiff of any money or property given by the Plaintiff to anyone, including Defendant, in connection with this transaction.
6. Enjoin Defendant, its assigns or subsequent Trustees during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on the Plaintiff's Property, from recording any deeds or mortgages regarding the Property or from otherwise taking any steps to deprive Plaintiff of ownership of the Property.

7. Award Plaintiff statutory damages for the disclosure violation in the amount of twice the finance charge in connection with this transaction, but not less that $200 or more than $2,000 as provided under 15 USC 1640(a).
8. Award actual damages in an amount to be established at trial.
9. Award Plaintiff fees and costs.
10. Award such other and further relief as the Court deems just and proper.

Jury trial demanded.

## VERIFICATION

Plaintiff/Affiant declares that he has read the foregoing Verified Complaint and under penalty of perjury that the foregoing facts and allegations as contained therein are true and correct.

_Edward B. Ewing_
Edward B. Ewing, Pro Se
14251 Anabelle Drive
Poway, California 92064
Tel: 858-842-4622
Email: tedewing@hotmail.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 22nd day of July, 2008, I caused a true and correct copy of the foregoing Verified Complaint, along with a Motion for Ex Parte Temporary Restraining Order, Notice of Motion, with request for expedited hearing, and Proposed Order to be furnished by facsimile, along with telephone notice, on Defendant First American Loanstar Trustee Services, at P.O. Box 961253, Fort Worth, TX 76161, Telephone 877-276-1894.

_Edward B. Ewing_
Edward B. Ewing, Pro Se

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

'08 CV 1311 H POR

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Edward B. Ewing, pro se

### DEFENDANTS
First American Loanstar Trustee Services

FILED
2008 JUL 22 AM 11:37
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

(b) County of Residence of First Listed Plaintiff: **San Diego**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Harris, TX**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Edward B. Ewing
14251 Anabelle Dr., Poway, CA 92064  (858) 864-4622

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  |  | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability |  | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract |  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☒ 220 Foreclosure | ☐ 442 Employment |  | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  | ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  |  | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. Sec. 1601 et seq. (TILA), RESPA, DUTPA

Brief description of cause:
Truth in Lending Violations, Deceptive Trade Practices

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: 07/22/2008

SIGNATURE OF ATTORNEY OF RECORD
Pro Se    /s/ Edward B. Ewing

**FOR OFFICE USE ONLY**

RECEIPT # 153212   AMOUNT $350   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

TAC  7/22/08

```
        UNITED STATES
        DISTRICT COURT
     SOUTHERN DISTRICT OF CALIFORNIA
           SAN DIEGO DIVISION

     # 153212       - TC

        July 22, 2008
          11:32:09

         Civ Fil Non-Pris
   USAO #.: 08CV1311
   Judge..: MARILYN L HUFF
   Amount.:
   Check#.: PC2792        $350.00 CK


     Total-> $350.00


   FROM: EDWARD B. EWING
           VS.
         FIRST AMERICAN LONESTAR
```