**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDWARD B. EWING,<br><br>  vs.                              Plaintiff,<br><br>FIRST AMERICAN LOANSTAR TRUSTEE SERVICES,<br><br>                                  Defendant. | CASE NO. 08-CV-1311 H (POR)<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER** |

On July 22, 2008, plaintiff Edward Ewing filed a complaint against First American Loanstar Trustee Services ("Defendant") for violations of federal laws including the Truth in Lending Act, 15 U.S.C. § 1601 et seq.. (Doc. No. 1.) Plaintiff has filed an ex parte motion for a temporary restraining order ("TRO") enjoining Defendant from conducting a foreclosure sale of Plaintiff's property, located in San Diego, California. (Compl. at 2.) Plaintiff asserts that the sale is scheduled to occur on July 23, 2008. (Id.) For the following reasons, the Court denies without prejudice Plaintiff's ex parte motion for a TRO.

Pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure, a court may issue a TRO without notice to the adverse party "only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant[] certifies in writing any efforts made to give notice and the reasons why it should not be required."

1    A motion for a TRO also must meet the general requirements for preliminary injunctive relief. "[T]o obtain a preliminary injunction, the moving party must show either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised, and the balance of hardships tips in his favor." Roe v. Anderson, 134 F.3d 1400, 1402 (9th Cir. 1998). These alternative formulations for the issuance of a preliminary injunction "represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." Id.; see Clear Channel Outdoor Inc. v. City of Los Angeles, 340 F.3d 810, 813 (9th Cir. 2003).

After reviewing Plaintiff's complaint and ex parte motion for a TRO, the Court concludes that Plaintiff's motion fails to demonstrate that ex parte injunctive relief is warranted under the law. See Roe v. Anderson, 134 F.3d at 1402. The Court concludes that Plaintiff fails to demonstrate that preliminary injunctive relief should be granted before the adverse party can be heard in opposition. See Fed. R. Civ. P. 65(b)(1). Plaintiff states that he ceased making payments on the loan in approximately October of 2007, and that he received notice on or before June 23, 2008 that the subject property would be subject to sale. (Compl. at 4.) However, Plaintiff did not file this action until July 22, 2008.

For the foregoing reasons, the Court denies without prejudice Plaintiff's ex parte request for a TRO. Plaintiff shall serve upon Defendant a copy of Plaintiff's complaint and all other documents filed by Plaintiff in this case. The Court sets the following briefing schedule regarding Plaintiff's request for a preliminary injunction:

1.    Defendant shall file a response in opposition no later than August 5, 2008.

2.    Plaintiff may file a reply no later than August 12, 2008.

After reviewing the parties' submissions, the Court if necessary will schedule a hearing.

IT IS SO ORDERED.

DATED: July 22, 2008

                                                     */s/ Marilyn L. Huff*
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO: All parties of record.